STROUD et al. v. MILLER.  (No. 5921.)

(Court of Civil Appeals of Texas. Austin. May 1, 1918.)

PRINCIPAL AND SURETY &#9426;112 — DISCHARGE OF SURETY—PAYMENT BY PRINCIPAL.

Where the principal maker of a note pays it with money secured from a third person, and takes it up without any assignment of it being made, the debt is discharged, and the person who furnishes the money cannot recover on the note against the surety therein.

Appeal from Bell County Court; M. B. Blair, Judge.

Suit by W. H. Miller against Willie E. Lissenbee and J. L. Stroud. From judgment for plaintiff, defendant Stroud appeals. Reversed and rendered.

G. M. Felts, of Belton, for appellant. Sam D. Ware and Clem C. Countess, both of Belton, for appellee.

RICE, J.  This suit originated in the justice court, and was brought by W. H. Miller against Willie E. Lissenbee and J. L. Stroud on a note executed by them, payable to the order of John H. Graves, of date January 1, 1915, for the sum of $110, due October 1, 1915, bearing interest, and providing for payment of usual attorney's fees. Appellant Stroud answered, denying liability, pleaded suretyship, and payment by Lissenbee to the original payee, John H. Graves, after maturity. The trial in the justice court resulted in favor of appellant, from which an appeal was prosecuted by Miller to the county court, where the case was again tried, and judgment rendered in favor of appellee Miller, from which appellant, Stroud, alone has prosecuted this appeal.

The facts, briefly summarized, show that, after the maturity of the Lissenbee-Stroud note, Miller, who had a note against Graves which he had been unable to collect, ascertained from Lissenbee that he and Stroud owed Graves the note in question, and arranged with Lissenbee to purchase it of Graves by turning over to Lissenbee his (Miller's) note against Graves, and the difference in cash. Lissenbee thereafter saw Graves and paid

off his note to Graves by turning over to him the Miller note and the difference in cash, so furnished him by Miller. Graves thought that Lissenbee was paying off his own note, and delivered it to him, who afterwards turned it over to Miller. The uncontroverted evidence shows that Stroud was surety for Lissenbee, which fact was also known to Miller. There was no indorsement, transfer, or assignment by Graves of the note in question.

The case was submitted to the jury on one special issue alone, and that was whether Lissenbee was acting as the agent of Miller in the purchase of the Lissenbee-Stroud note, payable to John H. Graves; and the first assignment challenges the right of the court to submit this issue, on the ground that there was no pleading upon which to base it; hence no question of agency could arise in the case. A sufficient answer, we think, to this contention, is that appellant's brief, itself, states that the case was carried to the county court for trial de novo, where appellee Miller orally alleged that in the payment of said note to Graves, Lissenbee acted as Miller's agent, for which reason we overrule this assignment.

The second assignment urges that the court erred in refusing to give special charge No. 1, requested by appellant, as follows:

"Gentlemen of the Jury: In this case the uncontroverted evidence shows that Willie E. Lissenbee was the principal maker of the note sued upon, and that J. L. Stroud was surety on said note, and that said Lissenbee paid the same to John H. Graves, the original payee, after its maturity, and that said note was not taken by W. H. Miller in due course of dealing, and you are instructed to find for the defendant J. L. Stroud."

We think appellant is right in this contention, and the charge should have been given. In Brandt on Suretyship, § 333, it is said:

"Where the principal in a note pays it with money furnished him by a third party, and takes it up without any assignment of it being made, the debt is discharged, and the party who furnishes the money cannot afterwards recover on the note against the surety therein."

Again, in Pingrey on Suretyship, § 94, it is said:

"Payment of the debt by the principal discharges the surety. Whenever the principal debtor is released, the surety or cosureties are also discharged, and it is immaterial by whom the debt is paid. Thus, if the creditor receives money from the principal as payment, the surety is discharged, although the money was that of a third party, who had made the principal his agent to buy the note and not to pay it."

We think the facts show that the note was paid off, and the appellant was discharged from further obligation thereon, for which reason the charge should have been given, and the court erred in failing to do so. This, in our opinion, necessitates a reversal, and rendition of the judgment in favor of appellant; and it is so ordered.

Reversed and rendered.